PILLSBURY WINTHROP SHAW PITTMAN LLP
RONALD L. CHENG (SBN 138892)
Ronald.Cheng@pillsburylaw.com
PHILIP HE (SBN 322811)
Philip.He@pillsburylaw.com
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
Telephone:  213.488.7100
Facsimile:   213.629.1033

Attorneys for Defendants
LOS ANGELES COUNTY,
GEORGE GASCON,
and ANGELA BRUNSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| JOSEPH GATT, | Case No. 2:24-cv-02740-FLA-AGR |
|---|---|
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL INFORMATION** |
| vs. | |
| GEORGE GASCÓN, LOS ANGELES COUNTY, ANGELA BRUNSON, DENOS AMARANTOS, THE CITY OF LOS ANGELES, and DOES 1-10, | |
| Defendants. | |

1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and/or defending this litigation may be warranted. Accordingly, Plaintiff Joseph Gatt ("Plaintiff" or "Gatt") and Defendants George Gascón, Los Angeles County, Angela Brunson, City of Los Angeles, and Denos Amarantos (collectively "Defendants") (Plaintiff and Defendants are collectively referred to as the Parties and separately referred to as a Party) hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Central District Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. GOOD CAUSE STATEMENT

This action is likely to involve personally identifiable information, personally sensitive information, including personnel files, material generated during criminal investigations, personal communications involving minors, sexually explicit communications, and other information for which special protection from public disclosure and from use for any purpose other than prosecution and/or defense of this Action is warranted. Such confidential information, including confidential personal and financial information, information regarding confidential criminal investigations, or other confidential information (including information implicating privacy rights of the Parties and third parties), is information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal

statutes, court rules, case decisions, or common law.

In addition, this action involves materials and information that Defendant the City of Los Angeles et al. ("City") claims it maintains as confidential, such as personnel files of the police officers involved in this incident, Internal Affairs materials and information, video recordings (including Body-Worn Video recordings and Digital In-Car Video recordings), audio recordings, and information and other administrative materials and information currently in the possession of the City and which the City believes need special protection from public disclosure and from use for any purpose other than prosecuting this litigation, as well as information contained in the personnel files of the police officers involved in the subject incident, which the City claims it maintains as strictly confidential and which the City believes need special protection from public disclosure and from use for any purpose other than prosecuting this litigation.

The City claims that the confidentiality of the materials and information at issue here is recognized by California and federal law, as evidenced inter alia by *California Penal Code* section 832.7 and *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976).  The City claims that it has not publicly released the materials and information referenced above except under protective order or pursuant to a court order, if at all.  The City also claims that these materials and information are of the type that has been used to initiate disciplinary action against Los Angeles Police Department ("LAPD") officers, and has been used as evidence in disciplinary proceedings, where the officers' conduct was considered to be contrary to LAPD policy.

The City claims that absent a protective order delineating the responsibilities of nondisclosure on the part of the parties hereto, there is a specific risk of unnecessary and undue disclosure, as well as the corollary risk of embarrassment, harassment and professional and legal harm on the part of the LAPD officers referenced in the materials and information.

The City also claims that the unfettered disclosure of the materials and information, absent a protective order, would allow the media to share this information with potential jurors in the area, impacting the rights of the City herein to receive a fair trial.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary use of such material in preparation for and in the conduct of trial, to address the handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   DEFINITIONS

2.1   <u>Action</u>:  This action, *Joseph Gatt v. George Gascón, et al.*, Case No. 2:24-cv-02740-FLA-AGR (U.S. Dist. Court, C.D. Cal.).

2.2   <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

<u>2.3</u>   <u>"CONFIDENTIAL"</u> Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.

2.4   "CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement, and that the Designating Party believes in good faith contains, constitutes, reveals, or reflects personal information or other

information of a high degree of sensitivity that, if disclosed to a Party, could result in significant harm to the designating Party or a third party.  For purposes of clarity, no information or tangible things shall be designated as "CONFIDENTIAL— ATTORNEYS' EYES ONLY" if Plaintiff prepared it, or previously sent or received it.

2.5     <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6     <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

2.7     <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures, in deposition or other testimony or responses to discovery in this matter.

<u>2.8</u>     <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.11    <u>Party</u>:  Any Party to this Action, including all of its officers, directors, employees, and Outside Counsel of Record (and their support staff).

2.12    <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

2.15  <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

3.  SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.  DURATION

Within 45 days after the conclusion of this Action as to any defendant (defined as the point at which final orders disposing of the entire case as to any defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any defendant), that defendant, that defendant's attorneys, and any Professional Vendor or Expert of that defendant or any other person or entity retained by that defendant in possession of "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information as defined by Section 2.3 or 2.4 of this Order, shall (i) return that "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information, including all copies thereof, to the Party from whom the CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY information originated, or (ii) destroy the CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY information, including copies

thereof, and in either case shall retain no CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY information, except that the remaining defendants in the Action, and persons or entities receiving CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY information from any such defendant(s), may retain CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY information in their possession until 45 days after the conclusion of the Action against those defendants. Plaintiff, his attorneys, and any Professional Vendor, Expert, or any other person or entity retained by him shall be subject to the same foregoing obligations as defendants as to the return or destruction of CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY information within 45 days after the conclusion of this Action (defined as the point at which final orders disposing of the entire case has been entered or the time at which all trial and appellate proceedings have been exhausted). Counsel are not required to secure the return of CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY information submitted to the court.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or this Court issues an order directing otherwise. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that

qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced unless otherwise agreed to by the Parties.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL Legend"), to each page that contains protected material or, in the case of native electronic documents, by including the CONFIDENTIAL Legend in the name of the native electronic file and/or in correspondence accompanying the production of the native electronic documents.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection

need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix a CONFIDENTIAL Legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material either on the record before the close of the deposition all protected testimony, or if no such designation is made at the time of the deposition, the transcript shall be treated as "CONFIDENTIAL" until twenty one (21) calendar days after the date the final transcript of the deposition is made available, during which time period any Party may designate, in writing to other Parties and to the court reporter, the transcript or any portion thereof as "CONFIDENTIAL." Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as "CONFIDENTIAL." Each Party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Stipulated Protective Order.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIAL Legend.

5.3    Inadvertent Failures to Designate. An inadvertent failure to designate

qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon reasonably prompt correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.    Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.    The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.    Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.    Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.    When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well

as employees of said Outside Counsel of Record responsible for the preparation and trial of this Action, to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party and/or the officers, directors, and employees (including House Counsel) of the Receiving Party responsible for the preparation and trial of this Action to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary to elicit testimony from the witness provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel,

mutually agreed upon by any of the Parties engaged in settlement discussions; and

(j)  any other individual agreed upon by the Parties in writing.

7.3    Disclosure of "CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, or unless the Designating Party uses information or tangible items designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" in connection with any motion, hearing, discovery, testimony, trial or other courtroom proceeding in this Action, a Receiving Party may disclose any information or item designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record responsible for the preparation and trial of this Action to whom it is reasonably necessary to disclose the information for this Action.  Written consent must be obtained from the Designating Party to disclose any CONFIDENTIAL—ATTORNEYS' EYES ONLY information to any other individual or entity, except for the following:

(a) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b) the court and its personnel;

(c)  court reporters and their staff;

(d) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(e)  any other individual agreed upon by the Parties in writing.

7.4    Nothing in this Stipulated Protective Order shall limit any Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own Protected Material to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Stipulated Protective Order, so long as the disclosure is made in a manner which is reasonably calculated to maintain the

1  confidentiality of the Protected Material.

2  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

3        OTHER LITIGATION

4        If a Party is served with a subpoena or a court order issued in other litigation that

5  compels disclosure of any information or items designated in this Action as

6  "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," that

7  Party must:

8        (a)  promptly notify in writing the Designating Party.  Such notification shall

9  include a copy of the subpoena or court order;

10        (b)  promptly notify in writing the party who caused the subpoena or order to

11  issue in the other litigation that some or all of the material covered by the subpoena or

12  order is subject to this Protective Order.  Such notification shall include a copy of this

13  Stipulated Protective Order; and

14        (c)  cooperate with respect to all reasonable procedures sought to be pursued

15  by the Designating Party whose Protected Material may be affected.

16        If the Designating Party timely seeks a protective order, the Party served with the

17  subpoena or court order shall not produce any information designated in this action as

18  "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" before a

19  determination by the court from which the subpoena or order issued, unless the Party

20  has obtained the Designating Party's permission.  The Designating Party shall bear the

21  burden and expense of seeking protection in that court of its confidential material and

22  nothing in these provisions should be construed as authorizing or encouraging a

23  Receiving Party in this Action to disobey a lawful directive from another court.

24  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

25        IN THIS LITIGATION

26        (a)  The terms of this Order are applicable to information produced by a Non-

27  Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL—

28  ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in

-13-

connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

11.1   The inadvertent production of any privileged or otherwise protected information, as well as the production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, work product doctrine, or the subject matter thereof, or the confidential nature of any such information, as to the Protected Material, or any other information.

11.2   The production of privileged or work-product protected documents, electronically stored information ("ESI") or Protected Material, whether inadvertent or otherwise, is not a waiver or impairment of any privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

11.3   The Producing Party must notify the Receiving Party promptly, in writing upon discovery that a privileged document has been produced.  Upon receiving written notice from the Producing Party that privileged and/or work product material has been produced, all such information, and all copies thereof, shall be returned to the producing party within ten (10) business days of receipt of such notice and the Receiving Party shall not share such information for any purpose, until further court order.   The Receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

12. <u>MISCELLANEOUS</u>

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.   By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.   Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.   Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.   If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 45-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.   Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in

1     Section 4 (DURATION).

2          14.     Any violation of this Order may be punished by any and all appropriate

3     measures including, without limitation, contempt proceedings and/or monetary

4     sanctions.

5     //

6     //

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    Dated: November 25, 2024          Respectfully submitted,

3                                       KASOWITZ BENSON TORRES LLP
4                                       CONSTANTINE Z. PAMPHILIS
                                        J. MICHAEL WILSON
5                                       SARA E. WOLFE
                                        DANIEL A. SAUNDERS
6
7                                       */s/ Constantine Z. Pamphilis*
                                        CONSTANTINE Z. PAMPHILIS
8
9                                       Attorneys for Plaintiff JOSEPH GATT

10
     Dated: November 25, 2024          PILLSBURY WINTHROP SHAW PITTMAN LLP
11
12                                      RONALD L. CHENG
                                        PHILIP HE
13
14                                      */s/ Ronald L. Cheng*
                                        RONALD L. CHENG
15
16                                      Attorneys for Defendants
                                        LOS ANGELES COUNTY, GEORGE GASCÓN,
17                                      and ANGELA BRUNSON

18   Dated: November 25, 2024          **HYDEE FELDSTEIN SOTO**, City Attorney
19                                      **DENISE C. MILLS**, Chief Deputy City Attorney
                                        **KATHLEEN KENEALY**, Chief Asst. City
20                                      Attorney
                                        **CORY M. BRENTE**, Senior Asst. City Attorney
21                                      **TY A. FORD**,  Deputy City Attorney
22
23                                      */s/ Ty A. Ford*
                                        TY A. FORD
24                                      Deputy City Attorney
25
                                        Attorneys for Defendants
26                                      CITY OF LOS ANGELES and
27                                      DENOS AMARANTOS

28

                                        -18-

# SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby attest that all other signatories listed above, and on whose behalf this listing is submitted, concur in the filing's content and have authorized the filing..

Dated: November 25, 2024

_/s/ Ronald L. Cheng_
RONALD L. CHENG

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: December 16, 2024

HON. ALICIA G. ROSENBERG
United States District Court Magistrate Judge

1

## **EXHIBIT A**

2

3

### **UNITED STATES DISTRICT COURT**
### **CENTRAL DISTRICT OF CALIFORNIA**

4

| | |
|---|---|
| JOSEPH GATT, | Case No. 2:24-cv-02740-FLA-AGR |
| Plaintiff, | **ACKNOWLEDGEMENT AND** |
| vs. | **AGREEMENT TO BE BOUND** |
| GEORGE GASCÓN, LOS ANGELES COUNTY, ANGELA BRUNSON, DENOS AMARANTOS, THE CITY OF LOS ANGELES, and DOES 1-10, | |
| Defendants. | |

5

6

7

8

9

10

11

12

13

14   I, _____ [print or type full name], declare under penalty of

15   perjury under the laws of the State of California and the United States that:

16      1.  My address is:_____.

17      2.  My employer is:_____.

18      3.  My occupation is:_____.

19      4.  I have read in its entirety and understand the Stipulated Protective Order that

20          was issued by the United States District Court for the Central District of

21          California on [date] in the case of *Joseph Gatt v. George Gascón, et al*., Case

22          No. 2:24-cv-02740-FLA-AGR.

23      5.  I agree to comply with and to be bound by all the terms of this Stipulated

24          Protective Order and I understand and acknowledge that failure to so comply

25          could expose me to sanctions and punishment in the nature of contempt.  I

26          solemnly promise that I will not disclose in any manner any information or

27          item that is subject to this Stipulated Protective Order to any person or entity

28

except in strict compliance with the provisions of this Order.  I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this case all Confidential information, including any notes about or summaries of such information.

6. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____